J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Nicole L. Drey (SBN 250235)
*nicole@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| Adobe Systems Incorporated, | ) Case No. C08-1536 JW |
|---|---|
| Plaintiff, | ) REQUEST FOR EXTENSION OF TIME |
| v. | ) WITHIN WHICH TO EFFECT SERVICE |
| Alex Jackson, and Does 1 – 10, inclusive, | ) OF PROCESS; DECLARATION IN |
| Defendants. | ) SUPPORT THEREOF |

Plaintiff Adobe Systems Incorporated ("Plaintiff") respectfully requests that it be granted a sixty (60) day enlargement of time within which to effect service of process within the Court's broad discretion pursuant to Federal Rules of Civil Procedure Rule 6(b).

This Request is based upon the Memorandum of Points and Authorities, the Declaration filed in support, including Exhibits attached hereto, the Complaint and any other papers and records on file in this action and upon such additional evidence and arguments as may be presented at or before the hearing on Plaintiff's request for extension of time within which to effect service of process pursuant to Rule 6(b).

Adobe v. Jackson: Request for Enlargement of Time    - i -
Within Which to Effect Service of Process

This request is made *ex parte* without notice because Plaintiff has been unable to identify and locate the Defendant, such relief is necessary in revealing the true identity and location of the Defendant, and this litigation cannot proceed without the discovery requested in this application.

DATED: August 20, 2008                    J. Andrew Coombs, A Professional Corp.


By: _____/s/ Nicole L. Drey_____
       J. Andrew Coombs
       Nicole L. Drey
Attorney for Plaintiff Adobe Systems Incorporated

## INTRODUCTION

Defendant Alex Jackson ("Defendant") is a trafficker of unauthorized copies of copyrighted software who will be rewarded for concealing his identity to avoid responsibility for his illegal actions if this Request is not granted. Plaintiff Adobe Systems Incorporated ("Plaintiff") has met and exceeded the applicable burden by employing significant effort to identify and locate this infringer, without success. The request for enlargement of time within which to effect service of process is justified and good cause exists as Plaintiff will be without recourse against Defendant absent the relief sought herein.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about March 20, 2008, Plaintiff filed its Complaint against Defendant. Declaration of Nicole L. Drey ("Drey Decl.") at ¶ 2. Plaintiff then attempted to serve Defendant at two potential addresses uncovered through various online and records searches, but these attempts proved unsuccessful. Id. at ¶ 3. Plaintiff also attempted to serve Defendant at the address Defendant provided to PayPal, which also appeared on the shipping label of the package containing the pirated software. Id. at ¶ 3, Ex. A. This address was revealed to be the business address of Defendant's father. Id. at ¶ 3, Ex. B. Defendant's father then contacted Plaintiff's attorneys, but he did not provide any contact information for Defendant and has failed to respond to subsequent letters and phone call attempts. Id. at ¶ 4. As a result of Defendant's attempts to conceal his identity and location by use of an invalid address, Plaintiff's efforts to establish the Defendant's true identity, locate and serve this individual have been unsuccessful. Id.

On or about July 11, 2008, Plaintiff filed its *Ex Parte* Application for Leave to Take Immediate Discovery Prior to Rule 26(f) Conference. Drey Decl. at ¶ 5. This application contained a request to enlarge the time to effect service of process on Defendant by sixty (60) days. Id. On or about July 25, 2008, Magistrate Judge Trumbull granted Plaintiff's Application. Id. The Proposed Order that had been submitted by Plaintiff and signed by Magistrate Judge Trumbull, however, erroneously excluded a provision enlarging the time within which to effect service of

Adobe v. Jackson: Request for Enlargement of Time   - 1 -
Within Which to Effect Service of Process

process. Id. at ¶ 6. Upon follow-up, Plaintiff learned that this request would need to be submitted to the District Judge assigned to this case. Id.

Plaintiff now resubmits to the Court this request for an enlargement of time within which to effect service of process. Plaintiff demonstrates good cause for its request for an additional sixty (60) days within which to effect service of process. Plaintiff filed its Complaint on or about March 20, 2008. Pursuant to Fed. R. Civ. P. 4(m), Plaintiff was to have served Defendant on or about July 18, 2008. Though Plaintiff is diligently prosecuting this action and made every attempt to serve Defendant within the prescribed 120 days, Defendant's deliberate concealment of his location and evasion of service, combined with his father's lack of cooperation and now complete lack of communication, has left Plaintiff no recourse other than to seek information from Third-Party Service Providers. In doing so, Plaintiff must await the responses from the Third-Party Service Providers and analyze the information to identify and locate the Defendant. Plaintiff will thereafter attempt service and must again await the response and any additional information obtained by the process server, and likely, Plaintiff will be required to re-attempt service on the evasive Defendant on multiple occasions. Accordingly, Plaintiff demonstrates good cause for a 60 day enlargement of time within which to serve the Defendant.

## ARGUMENT

### I. Plaintiff Demonstrates Cause Permitting an Enlargement of Time Within Which to Effect Service of Process.

Plaintiff respectfully requests that, pursuant to Rule 6(b), the Court grant a sixty (60) day enlargement of time within which to effect service of Summons and Complaint.

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for *cause shown* may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Adobe v. Jackson: Request for Enlargement of Time         -2-
Within Which to Effect Service of Process

Fed. Rule Civ. P. 6(b) (emphasis added). Plaintiff filed its Complaint on or about March 20, 2008. Per Rule 4(m),[1] Plaintiff must effect service of Summons and Complaint on Defendant on or about July 18, 2008. Plaintiff originally submitted its request for an enlargement of time to the magistrate judge "before the expiration of the period originally prescribed" by Rule 4(m). Fed. Rule Civ. P. 6(b); Drey Decl. at ¶ 5. Plaintiff now simply renews its request to the appropriate Court. Drey Decl. at ¶ 6.

Moreover, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)....[as] Rule 4's 120-day time period for service 'operates not as an outer limit subject to reduction, but as an irreducible allowance.'" Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Henderson v. United States, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996)). Further, "'Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period.'" Id. (quoting Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.")). Pursuant to Fed. R. Civ. P. 4(m), a district court is required to grant an extension of time for service if good cause is shown and permitted to grant such an extension even absent good cause. Mann, 324 F.3d at 1090, n. 2 (citing Henderson, 517 U.S. at 662)).

Here, Plaintiff's actions demonstrate good cause for granting an enlargement of time to effect service upon the Defendant. First, as discussed previously, Plaintiff has in good faith made significant attempts to identify, locate and serve Defendant within the 120 day period. See Drey Decl. at ¶¶ 3-5. Since the filing of the Complaint, Plaintiff has researched available public records, including extensive research on Lexis-Nexis and by other means, in search of contact information for Defendant, including any and all possible aliases, dba's, email addresses, websites and physical locations. Id. Plaintiff filed the Complaint in this Action on or about March 20, 2008. Since that

---

[1] "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)).

Adobe v. Jackson: Request for Enlargement of Time     - 3 -
Within Which to Effect Service of Process

time, Plaintiff has attempted to serve Defendant at various locations and has attempted to obtain contact information from Defendant's father – all to no avail. Id. Accordingly, Plaintiff's efforts to effect service commencing in March 2008 demonstrate good faith effort to diligently prosecute this Action and good cause for an enlargement of time.

Second, Defendant will not suffer prejudice by virtue of the delayed service. Pursuant to Rule 4(m), Plaintiff is to serve Defendant on or about July 18, 2008. Drey Decl. at ¶ 2. Plaintiff requests only an extension of 60 days within which to serve Defendant. Accordingly, this is not a significant delay during which memories may fade or evidence be lost that would prejudice Defendant. Id. But see Efaw v. Williams, 473 F.3d at 1041 (finding that an extraordinary delay of seven years prejudiced Defendant). In fact, given that Defendant's father is aware of the lawsuit and was given copies of the Summons and Complaint, it is likely that Defendant is aware of the pending lawsuit as well. See Drey Decl. at ¶ 3, Ex. B.

Finally, Plaintiff's Application for leave to take immediate discovery was already granted by the Magistrate Judge, which demonstrates good cause for Plaintiff's request for an enlargement of time of an additional 60 days within which to effect service on Defendant. See Drey Decl. at ¶ 5. Though Plaintiff is diligently prosecuting this action and made every attempt to serve Defendant within the prescribed 120 days, Defendant's deliberate concealment of his location and evasion of service have left Plaintiff no recourse other than to seek information from Third-Party Service Providers. In doing so, Plaintiff must wait 21 days for the information from the Third-Party Service Providers and subsequently analyze the information produced to identify and locate the Defendant. Plaintiff will thereafter attempt service and must again await the response and any additional information obtained by the process server. Likely, Plaintiff will be required to re-attempt service on the evasive Defendant on multiple occasions. If the request for an extension of time within which to effect service of process is not granted, Plaintiff's expedited discovery, granted by the Magistrate Judge, will be rendered useless. Under the circumstances, Plaintiff demonstrates that it is diligently prosecuting the Action and good cause exists for a 60 day enlargement of time within which to serve the Defendant.

Adobe v. Jackson: Request for Enlargement of Time  - 4 -
Within Which to Effect Service of Process

## CONCLUSION

For the foregoing reasons, and as it has no other recourse absent this Court's intervention, Plaintiff respectfully requests that the Court grant the Request for Enlargement of Time Within Which to Effect Service of Process and enter an Order substantially in the form of the attached Proposed Order.

DATED: August 20, 2008

J. Andrew Coombs, A Professional Corp.

By: /s/ Nicole L. Drey
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiff Adobe Systems Incorporated

# DECLARATION OF NICOLE L. DREY

I, NICOLE L. DREY, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am an attorney for Plaintiff Adobe Systems Incorporated ("Plaintiff") in an action styled <u>Adobe Systems Incorporated v. Alex Jackson, et al.</u>, Case Number C08-1536 JW. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2. I am informed and believe that Plaintiff filed its Complaint on or about March 20, 2008. I am informed and believe that, pursuant to Rule 4(m), Plaintiff is to serve Defendant on or about July 18, 2008.

3. I am informed and believe that since the filing of the Complaint until the filing of its previous *ex parte* application, Plaintiff has spent a considerable amount of time and resources tracing all known contact information for Defendant Alex Jackson ("Defendant"). As part of these efforts, I am informed and believe that my office conducted online records searches for "Alex Jackson," which produced two possible addresses – 3133 E. Hillcrest Dr., Westlake Village, CA 91362 and 5332 Mark Ct., Apt. #1090, Agoura Hills, CA 91301. I am informed and believe that the process server attempted service at these addresses but was informed by the respective occupants that each did not know Defendant. I am informed and believe that the only other address linked to Defendant was the address provided on the shipping label of the eBay transaction – "Alex Jackson, 31324 Via Colinas, Suite 114, Westlake Village, CA 91362." Attached hereto as Exhibit A is a true and correct copy of the redacted shipping label for the eBay transaction which gave rise to Plaintiff's Complaint. I am informed and believe that the process server then attempted service at this address and left the Summons and Complaint with Defendant's father at the father's place of

business. Attached hereto as Exhibit B is a true and correct copy of the process server's invoice, detailing service attempts.

4.    I am informed and believe that Curtiss Jackson contacted my office on or about May 5, 2008, claiming to be Defendant's father. I am informed and believe that Curtiss Jackson claimed Defendant was living with friends somewhere in Chicago but would not provide any contact information for Defendant. I am informed and believe that subsequent calls to Curtiss Jackson have gone unanswered and unreturned, and I am informed and believe that subsequent online records searches have produced no additional addresses for Defendant.

5.    On or about July 11, 2008, Plaintiff filed its *Ex Parte* Application for Leave to Take Immediate Discovery and submitted a proposed order directed to the magistrate judge. While Plaintiff's *ex parte* application contained a request to enlarge time within which to effect service of process, Plaintiff's proposed order erroneously left out a provision reflecting such request. On or about July 25, 2008, Magistrate Judge Trumbull signed Plaintiff's proposed order, allowing for expedited discovery, and included an additional provision allowing for the deposition of Curtiss Jackson.

6.    On or about August 19, 2008, Plaintiff's counsel noticed that the order granting leave to take immediate discovery did not contain a provision extending time within which to effect service of process on Defendant. On or about August 20, 2008, Plaintiff's counsel spoke with the clerk to Magistrate Judge Trumbull who informed Plaintiff's counsel that such a request would need to be submitted to the District Judge.

///

///

///

///

Adobe v. Jackson: Request for Enlargement of Time   - 7 -
Within Which to Effect Service of Process

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 20th day of August, 2008, at Glendale, California.

_____
NICOLE L. DREY





EXHIBIT A   PAGE 9

Case 5:08-cv-01536-JW    Document 17    Filed 08/20/2008    Page 13 of 14





**Janney & Janney attorney service, inc.**

(213) 628-6338
1545 Wilshire Blvd., 311
Los Angeles, CA 90017
www.janneyandjanney.com
IRS 95-3267524

**INVOICE DATE:** 05/13/2008

**INVOICE NUMBER:** 1278712-1

Client No. 10713
Client: J. ANDREW COOMBS
Address: 517 E. WILSON ST. #202
GLENDALE, CA 91206
Phone: (818) 500-3200   Fax: (818) 500-3201
Client File No.:
Contact: JEREMY

Route#: LA-5
Server#: 29

Case No.: C081536JW
Court: USDC - NORTHERN DISTRICT - OAKLAND
Plaintiff: ADOBE
Defendant: JACKSON, ET AL
Servee: ALEX JACKSON

Documents:
See Attached List

| DESCRIPTION | SERVICES | CHARGES |
|---|---|---|
| Served: ALEX JACKSON at 31324 VIA COLINAS ste. 114, WESTLAKE VILLAGE, CA 91362. On 05/05/2008 11:07 am<br><br>UNABLE TO EFFECT SERVICE AT ADD: 3133 E. HILLCREST DRIVE. BAD ADDRESS - PER ELAINE POLLOCK - HAS LIVED HER FOR 8 YEARS - DOES NOT KNOW DEFENDANT...UNABLE TO EFFECT SERVICE AT ADD: 5332 MARK CT. BAD ADDRESS - PER ANGELA STETSON - HAS LIVED HERE FOR THE PAST 5 YEARS...SUB-SERVED AT ABOVE GIVEN ADDRESS... | Service of Process<br>Due Diligence<br>Non-Service<br>Non-Service | 52.00<br>15.00<br>52.00<br>52.00 |
| | **INVOICE TOTAL** | **$ 171.00** |

User: kiam

Order#: 1278712-1/InvPro




1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Nicole L. Drey (SBN 250235)
   J. Andrew Coombs, A P. C.
3  517 East Wilson Avenue, Suite 22
   Glendale, California 91206
4  Telephone:  (818) 500-3200
   Facsimile:   (818) 500-3201
5
   Attorneys for Plaintiff
6  Adobe Systems Incorporated

7

8
                          UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)
10

11 | Adobe Systems Incorporated,              ) | Case No. C08-1536 JW
   |                                          ) |
12 |                       Plaintiff,         ) | [PROPOSED] ORDER GRANTING
   |                                          ) | PLAINTIFFS' REQUEST FOR
13 |        v.                                ) | ENLARGEMENT OF TIME WITHIN
   |                                          ) | WHICH TO EFFECT SERVICE OF
14 | Alex Jackson, and Does 1 – 10, inclusive,) | PROCESS
   |                                          ) |
15 |                       Defendants.        ) |
   |_____) |

16

17       The Court has read and considered all papers filed in connection with Plaintiff Adobe

18  Systems Incorporated's ("Plaintiff") Request for Enlargement of Time Within Which to Effect

19  Service of Process ("the Request").

20       IT IS HEREBY ORDERED that the Request is granted.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Adobe v. Jackson, et al.: [Proposed] Order Granting Request for     - 1 -
Enlargement of Time

IT IS FURTHER ORDERED THAT Plaintiff shall have a sixty (60) day enlargement of time within which to serve Defendant with Summons and Complaint, and in no event later than September 16, 2008.

Dated: _____

Hon. James Ware
District Judge, United States District Court for the
Northern District of California

Presented By:

J. Andrew Coombs
A Professional Corporation

By: /s/ Nicole L. Drey
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiff
Adobe Systems Incorporated

Adobe v. Jackson, et al.: [Proposed] Order Granting Request for Enlargement of Time         - 2 -